IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SAMUEL D. PARK,                                              CV. 06-1034-KI

        Petitioner,

   v.                                                        OPINION AND ORDER

JEAN HILL,

        Respondent.


ANTHONY D. BORNSTEIN
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR  97204

    Attorney for Petitioner


HARDY MYERS
Attorney General
LESTER R. HUNTSINGER
Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR  97301

    Attorneys for Respondent


1 - OPINION AND ORDER

KING, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He challenges consecutive sentences imposed in state court on the basis that he was denied ineffective assistance of trial counsel. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) is DENIED, and this proceeding is dismissed.

## BACKGROUND

Subsequent to an incident involving one victim, Petitioner was indicted on one count of Sodomy in the First Degree, three counts of Sexual Abuse in the First Degree, one count of Assault in the Fourth Degree, and one count of Kidnaping in the First Degree. The details of the incident are found in the record and need not be repeated here.

Following a trial by jury, Petitioner was found guilty of Sodomy, of three counts of Sexual Abuse, and of Assault, but not guilty of Kidnaping. At sentencing, Petitioner sought merger of the three counts of sex abuse with the sodomy, arguing the sex abuse conduct was incidental to the sodomy. (Sentencing Tr., 21-23.) The prosecution argued consecutive sentences should be imposed because the crimes did not depend upon one another and each of the offenses was separate and distinct although they were part of the same criminal episode. (*Id.*, 28-29.) The trial court found the three incidents of sexual abuse were separate and distinct acts

2 - OPINION AND ORDER

that took place in addition to the sodomy and "at the greater indignity to the victim[,]" thereby satisfying both statutory factors that give a court discretion to impose consecutive sentences.[1] (*Id.* 32-33.) The trial court sentenced Petitioner to 120 months imprisonment for the sodomy, to consecutive 75-month terms of imprisonment for each sexual abuse conviction, and to a consecutive 12-month sentence for the assault. (*Id.*, 36.)

---

[1] Or. Rev. Stat. § 137.123 specifies:
(5) The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

> (a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of a defendant's willingness to commit more than one criminal offense; or
>
> (b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim that was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct.

The court notes that in 2007 the Oregon Supreme Court held judicial fact-finding pursuant to Or. Rev. Stat. § 137.123(5) to be unconstitutional under *Blakely v. Washington*, 542 U.S. 296 (2004). *State v. Ice*, 343 Or. 248, 265-67, 170 P.3d 049 (2007). *See also State v. Wick*, 216 Or.App. 404, 409, 173 P.3d 1231 (2007); *State v. Wilson*, 216 Or. App. 226, 237, 173 P.3d 150 (2007). However, in the Ninth Circuit, *Blakely* does not apply retroactively to cases on collateral review and, thus, has no bearing on the instant petition. *See Schardt v. Payne*, 414 F.3d 1025, 1034, 1036, 1038 (9th Cir. 2005) (joining the Tenth Circuit in holding *Blakely* not retroactive on collateral review), *petition for cert. filed*, (U.S. Nov. 10, 2005) (No. 05-9237).

Although he had argued for concurrent sentencing, counsel did not object to the consecutive sentences. Petitioner's projected release date is June 05, 2026.

Petitioner directly appealed his sentence, challenging the sentencing court's findings in support of consecutive terms of imprisonment. (Respt.'s Exh. 103, 6.) The Oregon Court of Appeals affirmed the sentencing court without opinion, *State v. Park*, 163 Or.App. 595, 991 P.3d 62 (1999), and the Oregon Supreme Court denied review, 330 Or. 71, 994 P.3d 133 (2000).

Petitioner filed for post-conviction relief (PCR) alleging ineffective assistance of trial counsel. *Inter alia*, Petitioner alleged trial counsel was ineffective for failing to adequately object to consecutive sentences. The PCR trial court denied relief. Petitioner appealed filing a *Balfour* brief with grounds for relief articulated in Section B.[2] The Oregon Court of Appeals summarily affirmed the PCR trial court, and the Oregon Supreme Court denied review. *Park v. Czerniak*, 2005 Or. LEXIS 657.

---

[2] Upon concluding that only frivolous issues exist on direct appeal, a *Balfour* brief allows appointed counsel to meet constitutional requirement of "active advocacy" without violating rules of professional conduct. Section A, signed by counsel, contains a statement of the case, including a statement of facts, sufficient to apprise the court of the jurisdictional basis for the appeal, but contains no assignments of error or argument. Section B, signed only by the appellant, is a presentation of the issues that appellant seeks to raise but that counsel considers to be frivolous. *Balfour v. State of Oregon*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

Petitioner filed a successive petition for post-conviction relief with claims premised on *Blakely v. Washington*, 542 U.S. 296 (2004), but the petition was dismissed on Respondent's motion. The Oregon Court of Appeals affirmed without opinion, *Park v. Hill*, 104 Or. App. 780, 132 P.3d 62 (2006), and the Oregon Supreme Court denied review. 340 Or. 673, 136 P.3d 743 (2006).

Petitioner filed the instant petition, *pro se*, raising four grounds for relief. In his memorandum, Petitioner "confines his petition to the Sixth Amendment claim presented in Ground II, contending that his trial counsel failed to make the proper objections to consecutive sentences." (Petr.'s Mem., docket #35, 7.) Petitioner argues "[the PCR trial court's] decision was an unreasonable application of clearly established law on ineffective assistance of counsel." (*Id.* at 15.) Respondent contends that in the Ninth Circuit "the *Strickland* standard does not apply to 'ordinary sentencing' error claims[,]" but that if *Strickland* applies, it was properly applied and deference is owed to the state court decision denying relief. (Respt.'s Reply, docket #38, 1-2.)

## DISCUSSION

In accordance with 28 U.S.C. § 2248, allegations of a return or of an answer that are not traversed "shall be accepted as true except to the extent that a judge finds from the evidence that the are not true." Petitioner does not traverse Grounds I, III, and IV

5 - OPINION AND ORDER

of his *pro se* petition, and, accordingly, relief as to these claims is denied. Ground II is discussed below.

## A.  Standards and Scope of Review under § 2254

The parameters for a federal court to grant habeas relief to a person in custody pursuant to the judgment of a state court are set out in 28 U.S.C. § 2254(d):

> An application [ ] shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 386-89 (2000), the Supreme Court construed this provision as requiring federal habeas courts to be highly deferential to the state court decisions under review. The last reasoned decision by the state court is the basis for review by the federal court. See *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1233 n. 3 (9th Cir. 2002). Here, the decision reviewed is that of the PCR trial court.

Habeas relief may be granted under § 2254(d)(1) when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lambert*, 393 F.3d

6 - OPINION AND ORDER

at 974 (citing *Williams*). "The state court's application of . . . law must be *objectively unreasonable*." *Williams*, 529 U.S. at 411 (emphasis added). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied clearly established federal law erroneously or incorrectly." *Id*. Here, Petitioner alleges the state PCR trial court applied the law governing claims of ineffective assistance of counsel in an unreasonable manner.

## B. Ineffective Assistance of Counsel

The principles articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), govern claims of ineffective assistance of counsel. A claim of ineffective assistance of counsel requires petitioner to prove that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 390-91; *Strickland*, 466 U.S. at 687-88. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694. "Not every error that conceivably could have influenced the outcome undermines the reliability of the results of the proceeding." *Id*. at 693. Furthermore, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689.

The reasonableness of counsel's conduct must be evaluated in light of the facts of the case and the circumstances at the time of representation. *Id.* at 690.

**C.  The Merits**

Citing *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir.), *cert. denied* 546 U.S. 944 (2005), Respondent argues that in the Ninth Circuit the *Strickland* standards for ineffective assistance of counsel do not apply in the context of ordinary sentencing error. However, assuming *Strickland* does apply, *see Davis v. Grigas*, 443 F.3d 1155, 1159 (9th Cir. 2006) (Graber, J., concurring) (*Strickland* applied in noncapital sentencing proceeding in *Glover v. United States*, 531 U.S. 198, 121 (2001)), Petitioner has nevertheless failed to show that the state PCR court applied *Strickland* in an objectively unreasonable manner.

In Ground II, Petitioner contends that constitutionally adequate counsel would have objected to the imposition of consecutive sentences on the basis that they were improper under the Oregon Sentencing statutes[,]" and that he was prejudiced by trial counsel's failure to do so. (Petr.'s Mem., 12-14.) The PCR trial court made the following factual findings related to this claim:

> * * *
>
> (14) The record reflects that trial counsel was adequately prepared for sentencing, and that petitioner was adequately represented at the time of sentencing.

8 - OPINION AND ORDER

>  \* \* \*
>
>  (17) Counsel argued for concurrent sentences. The court properly imposed consecutive sentences, and petitioner's sentence was affirmed on appeal.
>
>  \* \* \*

(Respt.'s Exh. 128, 5.) The PCR court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1). Petitioner may overcome this presumption by presenting clear and convincing evidence to this court that the findings are in error, but he has not done so.

Petitioner argues that on direct appeal Respondent conceded counsel was deficient by arguing that the Court of Appeals should not reach the merits of Petitioner's claim because objection to consecutive sentencing had not been preserved in the lower court. (Petr.'s Mem., 13.) Even assuming that counsel's representation was inadequate, under *Strickland*, Petitioner was also required to show prejudice from counsel's failures. While Petitioner argued concurrent sentences should have been imposed, Petitioner did not show there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different and he could prevail on a claim of sentencing error. Moreover, the PCR trial court found the sentencing court properly imposed consecutive sentences and Petitioner's sentence was affirmed on appeal. Accordingly, the PCR trial court decision to deny relief was neither contrary to, nor an unreasonable

9 - OPINION AND ORDER

application of clearly established federal law and habeas relief is precluded.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus (#2) is DENIED, and this action is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this ___ day of February, 2008.

_____
Garr M. King
United States District Judge

10 - OPINION AND ORDER